(21 Misc. Rep. 487.)

WITOWSKI v. MAISNER.

(Supreme Court, Appellate Term. October 28, 1897.)

1. CONTINUANCE—ABSENCE OF SUBPŒNAED WITNESS.

It is not error to refuse to adjourn a trial on account of the absence of a subpœnaed witness, unless it appears that his testimony would be material.

2. APPEAL—REVIEW—OPENING DEFAULT.

Where a motion to open a default is granted on terms by a justice, the party aggrieved by the judgment may either comply with the order or appeal from it (Consol. Act, § 1367, as amended, Laws 1896, c. 748); but the question whether the terms imposed by the order were authorized cannot be reviewed on an appeal from the judgment alone.

Appeal from Second district court.

Action by Isaac Witowski against Adolph Maisner. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Joseph Rosenzweig, for appellant.
M. B. Blumenthal, for respondent.

McADAM, J.   The action was for the conversion of certain jewelry left with the defendant, a dentist, as security for the payment of $150, which he said he would charge to supply artificial teeth to the plaintiff's assignor, May Woodruff.   She testified that she had given the defendant the jewelry on that understanding, and that he had thereafter refused to perform his agreement unless she paid at least $75 of the amount in cash, which she declined to do; whereupon she demanded the return of her property, and, the defendant refusing to give it up, assigned her claim to the plaintiff, who brought the present action.

After issue joined, the cause was adjourned for trial to June 10, 1897.   On that day the parties appeared before the justice, and the defendant moved for an adjournment, on the ground of the absence of one Herlihy.   In order to show the materiality of the latter's testimony, the defendant presented an affidavit made by Clifton Hurley, in which the affiant stated that Herlihy would testify that the plaintiff's assignor had admitted to Herlihy that the defendant had done nothing to her teeth against her will, and that she had voluntarily given her jewelry to the defendant.   Herlihy was a police officer, and had been regularly subpœnaed to attend the trial, but was detained as a witness in a criminal cause pending in special sessions.   If the testimony proposed was material to the defense, the justice should either have waited until Herlihy appeared after having finished his duty as a witness in special sessions, or adjourned the trial to a future day.   But we do not regard the evidence proposed as of any materiality whatever.   The contention of the plaintiff and his assignor was that she had placed the jewelry in the hands of the defendant under an agreement, which necessarily implies a voluntary act on her part; so that the defendant's original possession of the property was lawful.   They further contended that the defendant had refused to perform his contract unless, in addition to depositing the security, she made a payment of $75 in cash; that she was unable to comply with this request, and thereupon demanded the return of the property.   There was no pretense that Herlihy knew anything concerning these facts.   Hence his evidence was immaterial, not being relevant to the issue.   The refusal to adjourn, therefore, did not prejudice the defendant, and he should have proceeded with the trial.

If the justice had improperly denied the defendant's motion, and the defendant had participated in the trial, and it had then been made to appear that Herlihy's evidence would have been material in any phase of the case, the point now urged as to the relevancy and materiality of his evidence would come with force.   The plaintiff proved the cause of action, and the justice awarded judgment for $90, the value of the property converted.   The defendant thereafter moved to open the default, and the justice made an order granting the motion on terms with which the defendant refused to comply.   Some criticism has been made as to the terms imposed; but, as there is no appeal from the order, it is not before us for review.   If the defendant con-

sidered himself aggrieved by the judgment, he should either have complied with the order opening the default, or appealed from it (Laws 1896, c. 748), that we might review the question whether the terms imposed were authorized. The defendant did not avail himself of either course, but appealed from the judgment. As there was no error in declining to grant the adjournment, and the plaintiff's case was properly made out, the justice was authorized to find, as he did, in favor of the plaintiff.

Judgment affirmed, with costs. All concur.